UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONOR MCENEANY,

                                    Plaintiff,           21 Civ. 10370 (LGS)

               -against-

                                                       ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, counsel for Plaintiff seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) for work performed to secure Supplemental Security Income ("SSI") benefits for Plaintiff.  The matter was referred to Magistrate Judge Sarah L. Cave;

       WHEREAS, on November 17, 2023, Judge Cave issued a Report and Recommendation (the "Report") recommending that the motion for attorney's fees be granted in part and denied in part, and that Plaintiff's counsel be awarded fees in the amount of $35,400.00 and ordered to refund to Plaintiff $4,091.68 in previously awarded attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412;

       WHEREAS, on Defendant's motion, the deadline for filing objections to the Report was extended to December 8, 2023;

       WHEREAS, on December 8, 2023, Defendant timely filed a response to the Report, not objecting to Judge Cave's recommendation that counsel be awarded § 406(b) fees, but seeking clarification as to how the $6,000 non-refundable retainer fee Plaintiff had already paid to Plaintiff's counsel is to be considered in the overall § 406(b) award -- i.e., whether the amount

awarded includes the $6,000 retainer Plaintiff had already paid for federal court representation or, alternatively, whether the amount awarded is in addition to the $6,000 retainer;

WHEREAS, on December 11, 2023, Plaintiff's counsel filed a response to Defendant's response, stating that he had refunded the $6,000 retainer fee to Plaintiff in light of Defendant's citation of *Gisbrecht v. Barnhart*, 535 U.S. 789, 806-07 (2002) ("[Section] 406(b) governs the total fee a claimant's attorney may receive for court representation; any endeavor by the claimant's attorney to gain more than that fee, *or to charge the claimant a noncontingent fee*, is a criminal offense." (emphasis added));

WHEREAS, Plaintiff's counsel's representation that he has refunded the $6,000 retainer fee renders moot Defendant's request for clarification;

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023);

WHEREAS, the Court finds no clear error on the face of the record as to Judge Cave's recommendations.  It is hereby

**ORDERED and ADJUDGED** that the Report is ADOPTED in full.  For the reasons stated in the Report, Plaintiff's counsel is awarded $35,400.00 in attorney's fees under § 406(b), reflecting a de facto hourly rate of approximately $1,500 per hour, and is ordered to refund to Plaintiff $4,091.68 in previously awarded attorney's fees.  Within five business days of receipt of

the fee award, Plaintiff's counsel shall refund the $4,091.68 and file on the docket a declaration confirming such refund.

The Clerk of Court is respectfully directed to close the motions at Dkts. 19 and 20.

Dated: February 27, 2024
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**